HAMMOND ELEVATOR CO. v. BOARD OF TRADE OF CITY OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit. November 17, 1905.)

No. 1,207.

1. APPEAL—REVIEW—ORDER GRANTING PRELIMINARY INJUNCTION.

An interlocutory order granting a preliminary injunction will not be reversed on appeal unless it appears from the record that the injunction was improvidently granted.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3818.]

2. INJUNCTION—PRELIMINARY ORDER—SCOPE.

An order granting an injunction pendente lite restraining defendant from obtaining and using quotations from complainant's exchange without its consent considered, and held not broader in its scope than was warranted by the bill and proofs.

[Ed. Note.—Quotation of prices and transactions on exchanges, see note to Sullivan v. Postal Telegraph Cable Co., 61 C. C. A. 2.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Jacob J. Kern, John A. Brown, and Lloyd C. Whitman, for appellant. Henry S. Robbins, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. This is an appeal from an interlocutory order enjoining the appellant pendente lite from obtaining and using, without appellee's consent, the continuous quotation of prices offered and taken at appellee's exchange hall at Chicago.

The record fails to show that the Circuit Court acted improvidently

in granting the temporary injunction. We are not now concerned with the ultimate merits, as they may appear upon a fuller or different record at the final hearing. Adam v. Folger, 120 Fed. 260, 56 C. C. A. 540.

Complaint is made of the phraseology of the order in certain particulars.

1. In the part of the injunctional order forbidding the use of the quotations until appellant shall "lawfully acquire the right, with complainant's consent, from some telegraph company authorized by complainant to distribute said quotations," we do not interpret the words "with complainant's consent" to mean that the appellant is subjected to the arbitrary or capricious refusel of appellee to allow the use of the quotations. On the contrary, the order should be read in the light of the bill and proofs; and thereupon it appears that appellant may obtain and use the quotations upon complying with the reasonable regulations which appellee has made for all. If the present record does not show the true situation in that respect, the appellant is not precluded from obtaining what is just and equitable on a motion to modify the order or on the final hearing.

2. The words "restrained from taking any further steps in the mandamus case in Indiana" are not to be held, in view of the bills and proofs, to prevent the appellant from appearing in the Supreme Court of Indiana (or in the Supreme Court of the United States, if the case should be taken there on writ of error) and arguing that the judgment in mandamus which the appellant has obtained should be affirmed. The order only means that the appellant shall not take any steps in the mandamus case which would interfere with appellee's obtaining in this suit, if ultimately entitled thereto, protection for itself and its agents, the telegraph companies, in the distribution and use of the quotations, until appellant shall be willing to comply with the reasonable regulations which have been established.

3. The record fails to show any basis for criticising the words "from having, maintaining or permitting any telegraph or other wire running into its office, over which said quotations are passing." Appellee's proofs, justified the inference that appellant was obtaining quotations, in defiance of appellee's rights as set forth in the bill, by means of such wires. If this part of the order unjustly or unnecessarily interferes with appellant's legitimate business, the proofs will have to be furnished to the Circuit Court. This record contains none.

The order appealed from is affirmed.